COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Bray and Senior Judge Hodges

JAIME ALFONSO GARCIA

                                        MEMORANDUM OPINION[*]
v.    Record No. 2602-94-4                   PER CURIAM
                                          JUNE 27, 1995
BARLOWS, INC.
AND
CINCINNATI CASUALTY COMPANY


                          FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

        (Arturo Hernandez, on brief), for appellant.

        (William E. Glover; Glover & Dahnk, on brief), for
        appellees.


     Jaime Alfonso Garcia contends that the Workers' Compensation
Commission erred in finding that he failed to prove that he
suffered head, neck, leg, and back injuries as a result of his
compensable December 8, 1992 injury by accident.  Upon reviewing
the record and the briefs of the parties, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
commission's decision.  Rule 5A:27.

     On appellate review, we view the evidence in the light most
favorable to the prevailing party below.  R.G. Moore Bldg. Corp.
v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Unless we can say as a matter of law that Garcia's evidence
sustained his burden of proof, the commission's findings are
binding and conclusive upon us.  Tomko v. Michael's Plastering

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Garcia testified that, while working for the employer on December 8, 1992, he fell approximately seven to ten feet from a forklift to the ground. He landed on his feet and hip. Before he fell, a conveyor belt hit his head and his left hand got caught in a chain. Garcia sustained a crush injury to his left hand. The employer accepted the left hand injury as compensable and an award was entered by the commission. On June 7, 1993, Garcia filed an application alleging additional injuries to his head, neck, legs, and back as a result of the December 8, 1992 industrial accident.

In denying Garcia's application on the basis that he failed to prove that he sustained these additional injuries as a result of the December 8, 1992 accident, the commission found as follows:

> We find the Deputy Commissioner's decision is amply supported by the record. There is no mention of any head, back, neck, or leg pain in the medical records until three weeks after the accident. The claimant asserted at the hearing that he tried to explain his injuries at the hospital on December 8, 1992, but he could not communicate in English. He initially denied the existence of an interpreter at the hospital, then stated he did not remember. However, the hospital records contain more than one reference to an interpreter.
>
> We note that in reaching her decision, the Deputy Commissioner considered the demeanor of the claimant and determined that his testimony was not credible. The Deputy Commissioner observed the witnesses and therefore was in the best position to judge credibility. We do not find evidence in this record which would persuade us to alter the

2

Deputy Commissioner's decision.

The deputy commissioner determined that Garcia's testimony concerning additional injury claims was not credible. This determination was based upon the deputy commissioner's finding that the hospital medical records and Dr. Shlomo Widder's reports of December 8, 1992 did not contain any evidence that Garcia complained of head, neck, leg, or back pain, nor did he make such complaints to the home health nurses who cared for him from January 14, 1993 through January 31, 1993. These findings are supported by the record.

The deputy commissioner was entitled to reject Garcia's contention that his inability to speak English resulted in the lack of documentation of his additional injury claims. The medical records indicated that Garcia's injuries were discussed through an interpreter at the hospital. In addition, Garcia admitted that some of the home health nurses spoke Spanish.

The full commission relied upon the deputy commissioner's credibility determination in reaching its decision. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based on this record, the commission was entitled to conclude that Garcia's testimony was not credible.[1] Accordingly, we cannot

---

[1] Contrary to Garcia's contention, the commission did not find that he failed to prove that he fell on December 8, 1992. Rather, the commission found that he failed to prove that he sustained any injuries, other than to his left hand, as a result

find as a matter of law that Garcia carried his burden of proving that he sustained head, neck, leg, and back injuries as a result of the December 8, 1992 compensable industrial accident.

For the reasons stated, we affirm the commission's decision.

Affirmed.

---

of the fall.